UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    Case No. CR-21-316-CBG |
| | ) |
| JEREMY DAVID CROLEY, | ) |
| | ) |
|     Defendant. | ) |

## ORDER

Now before the Court is the Government's Unopposed Motion to Dismiss (Doc. No. 65). An Indictment was returned on September 28, 2021 (Doc. No. 2), charging Defendant Jeremy David Croley with the following:

1. Count One: Assault Resulting in Serious Bodily Injury in Indian Country, in violation of 18 U.S.C. §§ 113(a)(6), 1151, and 1153;

2. Count Two: Driving Under the Influence of Alcohol Resulting in Great Bodily Injury, in violation of 18 U.S.C. §§ 13, 13b(2)(A), 1151, and 1152, and title 47, section 11-904(B) of the Oklahoma Statutes;

3. Count Three: Assault Resulting in Serious Bodily Injury in Indian Country, in violation of 18 U.S.C. §§ 113(a)(6), 1151, and 1153; and

4. Count Four: Driving Under the Influence of Alcohol Resulting in Great Bodily Injury, in violation of 18 U.S.C. §§ 13, 13(b)(2)(A), 1151, and 1152, and title 47, section 11-904(B) of the Oklahoma Statutes.

Count Two and Count Four rely on the General Crimes Act, 18 U.S.C. § 1152, which requires the defendant to be Indian and the victim(s) to be non-Indian, or vice versa. *See United States v. Walker*, 85 F.4th 973, 979 (10th Cir. 2023). The Government represents that it has now received confirmation that the victims of Defendant's charged conduct are enrolled members of the Cherokee Nation with some degree of Indian blood.

*See* Mot. at 2. Because the Defendant is also an enrolled member of the Cherokee Nation with some degree of Indian blood, the Government concedes that Defendant should not be convicted of Count Two or Count Four and seeks dismissal of those counts. *See id.*

When the Government seeks dismissal under Rule 48(a) of the Federal Rules of Criminal Procedure, "courts must grant prosecutors leave to dismiss charges unless dismissal is 'clearly contrary to manifest public interest.'" *United States v. Robertson*, 45 F.3d 1423, 1437 n.14 (10th Cir. 1995) (quoting *Rinaldi v. United States,* 434 U.S. 22, 30 (1977)); *see also United States v. Romero*, 360 F.3d 1248, 1251 (10th Cir. 2004). This rule applies even after a defendant enters a guilty plea. *See United States v. Hector*, 577 F.3d 1099, 1101 (9th Cir. 2009); *see also Rinaldi*, 434 U.S. at 29-32 (finding district court abused its discretion by denying the government's Rule 48(a) postconviction motion to dismiss). *See generally* 3B *Federal Practice and Procedure (Wright & Miller)* § 802 (4th ed. 2013) ("Rule 48(a) continues to apply even after conviction and sentencing while the case is on direct appeal, and the same standard applies to a government request for dismissal at that stage as applies if the request came prior to trial."). Having considered the Government's representations, the Court concludes that the dismissal of Count Two and Count Four is not contrary to public interest.

## CONCLUSION

The Government's Unopposed Motion to Dismiss (Doc. No. 65) therefore is GRANTED. Counts Two and Four of the September 28, 2021 Indictment (Doc. No. 2) are DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that the case is referred to the United States Probation Office for preparation of a revised presentence investigation report consistent with this Order. The Probation Office is directed to prepare a revised presentence investigation report, disclose it to the parties, and submit it to the Court pursuant to Federal Rule of Criminal Procedure 32. A sentencing hearing will be scheduled by further order of the Court.

IT IS SO ORDERED this 31st day of January, 2024.

_____
CHARLES B. GOODWIN
United States District Judge